UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Brittany Binion

                              Plaintiff,

v.                                                           Case No.: 1:22−cv−06683
                                                                Honorable Edmond E. Chang

Flextronics International USA, Inc., et al.

                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, February 1, 2024:

      MINUTE entry before the Honorable Edmond E. Chang: On review of the motion to approve settlement [50], the motion is granted. (The Court notes that it is not crystal clear that court approval of an FLSA settlement is required when the workers are represented by counsel, but the Court assumes that requirement is needed for purposes of deciding the motion.) The proposed settlement is fair and reasonable. (1.) First, on process, the settlement negotiations were conducted at arms−length and after a robust exchange of information. The revered stewardship of the mediation by former Judge Morton Denlow is added confidence to the settlement's fairness. (2.) On the relief to the collective, the settlement provides total recovery of all unpaid wages. Even adding potential statutory penalties results in the settlement representing almost 55% of the total possible relief. So the settlement provides substantial relief and avoids the delay and risk of litigation. This is especially true in light of the potential defenses as to the discretionary nature of some bonuses. (3.) The request for attorney's fees, which always warrants careful scrutiny, is reasonable because it is in line with the common one−third contingency rate in this type of FLSA cases, and appropriately reflects the risk and work required to pursue these cases. Also, the $7,500 service award to the named Plaintiff also is reasonable in light of the information−disclosure obligations imposed on him and the work−experience insights that he provided to counsel. Lastly, the proposed costs are reasonable in light of the usual expenditures to litigate FLSA cases of this scope and the notice−and−administration plan. (4.) A separate approval order will be posted on the docket. With the settlement approved, hereby dismisses the case in its entirety without prejudice and approves the settlement and releases set forth in the Settlement and Release Agreement. The Court shall retain jurisdiction solely for the purpose of enforcing the delivery of the payments required herein and under the Settlement and Release Agreement. The dismissal shall automatically convert to a dismissal with prejudice in 265 days for the date of this Order, without further action of the Court. (5.) The tracking status hearing of 02/02/2024 is reset to 05/10/2024 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Instead, the parties shall file a status report setting forth the date on which (a) the Defendant transmitted the Gross Settlement Amount; (b) the Settlement Administrator delivered the checks, release, and Notice to the Collective Members; and (c) the deadline for the Members to cash the checks. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.